998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William C. SACHS, Plaintiff-Appellant
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee
 No. 91-3784.
 United States Court of Appeals, Seventh Circuit.
 Argued June 11, 1993.
Decided July 9, 1993.
 
 1
 Before EASTERBROOK and MANION, Circuit Judges, and ALDISERT, Senior Circuit Judge*.
 
 ORDER
 
 2
 This appeal by William C. Sachs from a judgment of the district court denying his petition for review of a final order of the Secretary of Health and Human Services requires us to decide if substantial evidence in the record as a whole supports her decision that he was not entitled to Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d) and not eligible for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1382, 1383(c)(3). For the following reasons, we affirm the judgment.
 
 
 3
 The district court had jurisdiction, 42 U.S.C. §§ 405(g), 1383(c)(3). We have jurisdiction from a final judgment, 28 U.S.C. § 1291 and the appeal was timely filed, Rule 4(a), Federal Rules of Appellate Procedure.
 
 
 4
 A reviewing court decides whether substantial evidence supports the Secretary's final decision and whether she applied the proper legal precepts. 42 U.S.C. § 405(g); Ehrhart v. Secretary of Health & Human Serv., 969 F.2d 534, 538 (7th Cir.1992); Cheers v. Secretary of Health, Educ., & Welfare, 610 F.2d 463, 466 (7th Cir.1979).
 
 
 5
 Although appellant argues that the Administrative Law Judge (ALJ) "committed plain error" when he weighed the evidence, thereby attempting to suggest that a sophisticated legal precept is present in these proceedings, we reject the invitation to consider this appeal as something other than a review for substantial evidence in the administrative record.
 
 I.
 
 6
 William Sachs applied for disability insurance benefits and supplemental security income on June 16, 1987, alleging disability since May 15, 1983 due to leg, hip and hearing conditions. His application was denied. Mr. Sachs was represented by counsel at a hearing before an Administrative Law Judge (ALJ) on August 11, 1988. After the ALJ decided on March 10, 1989 that Mr. Sachs was not disabled, Sachs requested that the Appeals Council review the decision of the ALJ. The Council remanded the case so that a consultative mental status examination could be obtained.
 
 
 7
 On March 6, 1990, a supplemental hearing was held before a second ALJ who, on June 28, 1990, determined that Sachs was not disabled. The ALJ's decision became the final decision of the Secretary on March 14, 1991 when the Council denied review of the ALJ's decision.
 
 
 8
 Born on September 29, 1940, Sachs has a seventh grade education and vocational training in welding, automobile mechanics and typing. From 1979 until May 1983 he worked as a plastic parts cleaner/pipe cleaner, a job which required standing and lifting five to ten pounds.
 
 II.
 
 9
 The ALJ made his final determination pursuant to the five-step process prescribed in the Social Security regulations. 20 C.F.R. § 404.1520(a)-(f). First, the claimant must not be engaged in gainful employment. Second, the claimant must have a severe, medically determinable impairment. Third, a claimant will be found disabled if his or her impairment is equal in severity to an impairment listed in the regulations. 20 C.F.R. Subpart P, Appendix 1. Fourth, if the claimant does not have a listed impairment, he or she must not be able to perform his or her past relevant work. Fifth, if the claimant cannot perform his or her past work, he or she must not be able to perform any existing job available in the national economy.
 
 
 10
 On June 28, 1990 the ALJ completed a psychiatric review technique form which indicated that appellant had an affective disorder evidenced by chronic situational depression and low average to borderline intelligence. The form revealed that the degree of limitation caused by the disorder was not sufficient to render Sachs' mental impairment equal to a listed impairment.
 
 
 11
 He then concluded, based upon a review of the medical evidence and testimony, that Sachs retained the residual functional capacity to perform light work. He determined that Sachs was limited by borderline intelligence and a mild affective disorder which would preclude him from more complicated or stressful types of work. He found that Sachs retained his capacity to perform low level, unskilled, routine, repetitive type tasks. He finally concluded that Sachs could perform his past relevant work as a plastics parts cleaner and was not disabled.
 
 
 12
 The ALJ made the following specific findings:
 
 
 13
 1. The claimant met the disability insured status requirements of the Act on May 15, 1983, the date the claimant stated he became unable to work and continued to meet them until December 31, 1988.
 
 
 14
 2. The claimant has not engaged in substantial gainful activity since May 15, 1983.
 
 
 15
 3. The medical evidence establishes that the claimant has sensorineural hearing loss correctable with hearing aids, a history of alcoholism in remission, a mild affective disorder, borderline intelligence, and complaints of lower extremity pain of undetermined etiology, but he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 16
 4. Claimant's alleged degree of pain and limitation is not credible.
 
 
 17
 5. The claimant has the residual functional capacity to perform work-related activities except for work beyond a light level in exertional activities or high stress, complex-detailed types of jobs outside of claimant's present mental capabilities (20 CFR 404.1545 and 416.945).
 
 
 18
 6. The claimant's past relevant work as a plastic parts cleaner/pipe cleaner did not require the performance of work-related activities precluded by the above limitation(s) (20 CFR 404.1565 and 416.965).
 
 
 19
 7. The claimant's impairments do not prevent the claimant from performing his past relevant work.
 
 
 20
 8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR 404.1520(e) and 416.920(e)).
 
 
 21
 Appellant's Brief at 122-23.
 
 
 22
 The district court determined that the ALJ's conclusion that Sachs had a mild affective disorder was based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The court concluded that based on the evidence in the record the ALJ could reasonably find that Mr. Sachs retained the capacity to work in a low stress job.
 
 III.
 
 23
 Before us, Mr. Sachs argues that the evidence does not support such a finding. He places great reliance on a report by Richard W. Hurlbut, Ph.D., a consulting clinical psychologist for the Social Security Administration. As we understand it, appellant's argument is two-fold: He argues that Dr. Hurlbut's assessment does not supply adequate support for the ALJ's decision that Sachs was not totally disabled and that, to the contrary, it constitutes substantial evidence demonstrating total disability.
 
 
 24
 Dr. Hurlbut observed that Sachs was significantly depressed and anxious, that he had low average to borderline intelligence, and that he was suffering from a chronic and major depression. His assessment was that plaintiff's ability to deal with work stresses was poor or none. Poor or none was defined on the assessment sheet as no useful ability to function in this area. The appellant suggests that we interpret this statement to mean that Sachs was totally disabled and, therefore, incapable of performing any substantial gainful activity including his past relevant work.
 
 
 25
 We refuse to make this quantum leap. No credible evidence suggested that his position as a plastic parts/pipe cleaner involved much work stress. Moreover, the assessment of Dr. Hurlbut also indicated as fair (defined as ability to function seriously limited, but not precluded) Sachs' competence to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, function independently and maintain attention/concentration. Accordingly, we do not agree that Dr. Hurlbut's pronouncement is equivalent to a diagnosis of total disability.
 
 
 26
 We have carefully considered all contentions presented by the appellant. To the extent not discussed herein, his other arguments have been considered and rejected.
 
 
 27
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit is sitting by designation